Jeffrey A. Carr
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
301 Carnegie Center, Suite 400
Princeton, New Jersey 08540
(609) 452-0808
jeff.carr@troutman.com
emily.silkowski@troutman.com
brian.callaway@troutman.com

*Counsel for Plaintiff Emmanuel Thomas Anderson*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMMANUEL THOMAS ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CUMBERLAND COUNTY NEW JERSEY, CFG HEALTH SYSTEMS, LLC, RICHARD SMITH, individually and in his official capacity as Warden, EUGENE J. CALDWELL, individually and in his official capacity as Warden, JODY HIRATA, individually and in her official capacity as Deputy Warden, DR. ALAN DIAS, individually and in his official capacity as a Medical Physician, KRISTINA SMITH, individually and in her official capacity as Medical Director, LOREN JOYNES, individually and in his official capacity as Operations Captain, JOHN DOES NOS. 1 through 9, each individually and in their official capacities,<br><br>　　　　　　Defendants. | Civil Action No. 1:22-cv-6235-NLH-AMD |

**FIRST AMENDED COMPLAINT**

　　　　Plaintiff Emmanuel Thomas Anderson by and through his attorneys, Troutman Pepper Hamilton Sanders LLP, hereby brings this Amended Complaint under 42 U.S.C. §§ 1983 and 1988

against Cumberland County New Jersey, CFG Health Systems, LLC, Richard Smith, individually and in his official capacity as Warden, Cumberland County Department of Corrections ("CCDOC"), Charles Warren, individually and in his official capacity as Deputy Warden, CCDOC, Eugene J. Caldwell, II, individually and in his official capacity as Warden, CCDOC, Jody Hirata, in her official capacity as Deputy County Administrator, Dr. Alan Dias, individually and in his official capacity as a Medical Physician, CCDOC, Kristina Smith, individually and in her official capacity as Medical Director, CCDOC, Loren Joynes, individually and in his official capacity as Operations Captain (collectively, "Defendants"), for violations of his constitutionally protected rights under the Eighth and Fourteenth Amendments of the United States Constitution, Article I of the New Jersey Constitution, and negligent and intentional infliction of emotional distress under New Jersey's common law. For substantially all times relevant, either Richard Smith, Charles Warren, or Eugene J. Caldwell, II was the Warden of the Cumberland County Jail, and upon information and belief, engaged in all conduct, acts, and omissions alleged herein as against the Defendants.

## PARTIES

1.  Plaintiff Emmanuel Thomas Anderson is a resident of the State of New Jersey, County of Cumberland, with a principal residence in Bridgeton New Jersey. At all times relevant herein Plaintiff was in the custody of the CCDOC at the Cumberland County Jail.

2.  Upon information and belief, Defendant Cumberland County New Jersey is governed by a Board of County Commissioners and is a local government entity within the State of New Jersey. As a local entity, Cumberland County New Jersey is a "person" within the scope of the Civil Rights Act, 42 U.S.C. § 1983.

3.  Upon information and belief, Defendant CFG Health Systems, LLC is the private company that has contracted to provide the inmates, including Plaintiff, in the Cumberland County

Jail with medical services. As such, upon information and belief, CFG Health Systems, LLC is responsible for providing adequate medical services to Cumberland County Jail inmates, including Plaintiff.

4. Defendant Richard Smith ("Smith") is sued in both his individual and official capacities as the former Warden, CCDOC. Upon information and belief, Defendant Smith, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail. He was also responsible for the proper functioning of the facilities under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.

5. Defendant Charles Warren ("Warren") is sued in both his individual and official capacities as the former Deputy Warden, CCDOC. Upon information and belief, Defendant Warren, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail. He was also responsible for the proper functioning of the facilities under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.

6. Defendant Eugene J. Caldwell, II ("Caldwell") is sued in both his individual and official capacities as the current Warden, CCDOC. Upon information and belief, Defendant Caldwell, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail. He was also responsible for the proper functioning of the facilities under

his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.

7. Defendant Jody Hirata ("Hirata") is sued in her official capacity as the Deputy County Administrator, Cumberland County New Jersey. Upon information and belief, Defendant Hirata, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of programs within the Cumberland County Jail. She was also responsible for proper oversight of the departments and facilities in Cumberland County New Jersey under her command, which responsibilities included ensuring that each Cumberland County Jail inmate was afforded his or her constitutional and civil rights.

8. Defendant Dr. Alan Dias ("Dias") is sued in both his individual and official capacities as a Medical Physician formerly employed by and/or contracted with the CCDOC. Upon information and belief, Defendant Dias, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of medical, dietary, and/or nutritional programs within the Cumberland County Jail. He was also responsible for overseeing the proper functioning of the medical department and/or staff under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.

9. Defendant Kristina Smith ("K. Smith") is sued in both her individual and official capacities as Medical Director, CCDOC. Upon information and belief, Defendant K. Smith, acting under color of state law, was responsible for, among other things, the development, implementation, and administrator of medical, dietary, and/or nutritional programs within the Cumberland County Jail. She was also responsible for overseeing the proper functioning of the

-4-

medical department and/or staff under her command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.

10. Defendant Loren Joynes ("Joynes") is sued in both his individual and official capacities as the Operations Captain for the CCDOC and/or Cumberland County Jail and works at Cumberland County Jail located at 54 W. Broad Street, Bridgeton, New Jersey, 08302. Upon information and belief, Defendant Joynes acted under color of state law with respect to his actions and inactions complained of herein.

11. Upon information and belief, Defendant John Doe No. 1 is a New Jersey resident who was, at all relevant times, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail. Upon further information and belief, Defendant John Doe No. 1 is the individual responsible for all Cumberland County Jail inmate medical decisions.

12. Upon information and belief, Defendant John Doe No. 2 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

13. Upon information and belief, Defendant John Doe No. 3 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

14. Upon information and belief, Defendant John Doe No. 4 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

15. Upon information and belief, Defendant John Doe No. 5 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

16. Upon information and belief, Defendant John Doe No. 6 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

17. Upon information and belief, Defendant John Doe No. 7 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

18. Upon information and belief, Defendant John Doe No. 8 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

19. Upon information and belief, Defendant John Doe No. 9 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.

## **JURISDICTION AND VENUE**

20. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises pursuant to 42 U.S.C. § 1983 to redress a deprivation of rights, under the color of state law, secured by the Eighth and Fourteenth Amendments of the United States Constitution.

21. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367 by virtue of the fact that these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events, conduct, and omissions giving rise to the Amended Complaint occurred in the District of New Jersey.

## FACTUAL BACKGROUND

**Plaintiff's Incarceration**

23.     Plaintiff was admitted into the custody of the CCDOC at the Cumberland County Jail as a pretrial detainee on or about February 10, 2021, and was transferred on or about March 8, 2022 at which point Plaintiff was moved to Hudson County Jail.

24.     During this time, Plaintiff was at risk of death or serious injury if exposed to COVID-19.  As a result of Cumberland County Jail's failure to provide inmates with basic protections against COVID-19, Plaintiff contracted COVID-19 multiple times.

25.     Plaintiff was released from custody in February 2023 and continues to suffer from the long-term effects of COVID-19.

**COVID-19 Pandemic**

26.     As of early 2020, Defendants were on notice that COVID-19 was a real threat to the United States and that it would likely spread to vulnerable communities including correctional facilities.

27.     Defendants have, at all relevant times, continuously ignored and disregarded guidance to slow the spread of COVID-19 at the Cumberland County Jail.

28.     The State has a duty to care for wards of the state.  As a ward of the state, Plaintiff was dependent upon Defendants to provide the necessary and appropriate testing, personal protective equipment, supplies and medical care necessary to contain the spread of COVID-19.

29.     Despite being responsible for the well-being of those incarcerated in the jail, Defendants failed to undertake and/or provide measures such as social distancing, access to testing, regular handwashing, and prompt medical attention.

30.     Defendants deliberately jeopardized the health and safety of Plaintiff by denying him proper medical treatment despite him being exposed to COVID-19 and even after he

contracted COVID-19 as a person with an underlying medical condition which was exacerbated by COVID-19.

31. Disregarding known, obvious risks of illness, including, but not limited to COVID-19, exposing Plaintiff to COVID-19, and deliberately disregarding Plaintiff's serious, known medical needs violates the Eighth and Fourteenth Amendment rights of Plaintiff.

**Defendants failed to implement effective COVID-19 safety protocols.**

32. Defendants, with no rational reason and with deliberate indifference to the substantial risk to Plaintiff's health and safety did not implement social distancing policies.

33. During the relevant period, Cumberland County Jail housed approximately 260 inmates living in close quarters and was nearly at full capacity. With certain exceptions, inmates were confined in Cumberland County Jail in cell units known as "pods" housing as many as 32 inmates, with two inmates in each cell, and in dormitory quarters, housing twenty inmates sharing the single dormitory space.

34. The pods were at full capacity and it was impossible for inmates to maintain six feet of distance. Dormitories include the shower and bathroom that was shared by all inmates sharing a dormitory space.

35. Plaintiff was moved to at least three dormitory spaces during his time at Cumberland County Jail. This caused Plaintiff to be constantly exposed to COVID-19.

36. Defendants, with no rational reason and with deliberate indifference to the substantial risk to Plaintiff's health and safety, repeatedly and continuously denied Plaintiff access to outdoor recreation for the duration of his incarceration.

37. Plaintiff was provided with approximately one disposable paper mask each month, but there was no guarantee a mask would be distributed each month.

38. The masks quickly became worn, tattered and torn, and essentially useless for the intended personal protection purpose.

39. Plaintiff was not told when he would be given a new mask and most of the time, inmates were not wearing masks of any kind.

40. Defendants, with no rational reason and with deliberate indifference to Plaintiff's health and safety repeatedly, throughout the pandemic, failed and refused to supply inmates with adequate face masks to limit the substantial risk of the spread of COVID-19.

41. Plaintiff asked for a new mask almost every day and he was consistently told no masks were available, his requests were ignored, or he was told he should have been more careful with the mask he was given.

42. Correctional Officers typically did not wear masks.

43. Defendants did not clean or sanitize the Cumberland County Jail facility and denied Plaintiff adequate cleaning supplies to clean and disinfect his living area.

44. Plaintiff requested access to sanitizers and cleaning supplies to clean and disinfect his cell, but Defendants, with no rational reason and with deliberate indifference to the substantial risk to Plaintiff's health and safety repeatedly, throughout the pandemic, denied and/or ignored these requests.

45. Defendants refused to routinely test inmates who presented with COVID-19 symptoms or those who came in contact with another inmate, correctional officer or other staff with symptoms or who tested positive for COVID-19.

46. Inmates would only be tested when there was scheduled testing. If an inmate was not feeling well, they were often not tested for several days after showing symptoms. This approach unnecessarily exposed Plaintiff to COVID-19.

47. Defendants, with no rational reason and with deliberate indifference to the substantial risk to Plaintiff's health and safety repeatedly, throughout the pandemic, denied Plaintiff's request to be tested for COVID-19.

48. Plaintiff was never shown his test results. On one occasion, Plaintiff was told he tested negative for COVID-19 and then days later was told the tests were read incorrectly and he was in fact positive for COVID-19.

**Plaintiff was directly harmed as a result of Defendants' insufficient COVID-19 policies.**

49. Plaintiff, upon information and belief, contracted COVID-19 at least twice while at Cumberland County Jail.

50. Plaintiff has asthma, which made him more susceptible to COVID-19 and intensified his symptoms related to COVID-19.

51. Plaintiff has an inhaler that he uses multiple times a day.

52. While he was incarcerated at Cumberland County Jail, Plaintiff was denied his inhaler multiple times and his requests for an inhaler were ignored and went unanswered.

53. Defendants were aware that Plaintiff suffers from asthma.

54. When Plaintiff first contracted COVID-19, his symptoms were severe and he was barely able to breathe.

55. Defendants, with no rational reason and with deliberate indifference to the substantial risk to Plaintiff's health and safety repeatedly, throughout the pandemic, denied and/or ignored the requests for Plaintiff's inhaler.

56. Plaintiff was denied proper nutrition while incarcerated at Cumberland County Jail. Plaintiff was given a single slice of pizza for breakfast, lunch and dinner while he suffered from COVID-19.

57. Plaintiff was not provided with proper nutrition needed to recover from COVID-19.

58. As a result, his body was weakened, and Plaintiff lost more than twenty pounds due to malnutrition.

59. Plaintiff experienced extreme stress and anxiety as a result of the constant exposure to COVID-19 and the impact on his health.

**Defendants failed to create a grievance procedure.**

60. Plaintiff filed grievances and requests for relief regarding the conditions at the Cumberland County Jail.

61. His requests went ignored and unanswered.

62. Accordingly, upon information and belief, Plaintiff has exhausted administrative remedies to the extent he was able; but the grievance system at the Cumberland County Jail, as in place at the relevant time, was neither fully available nor capable of providing any relief for Plaintiff's grievances.

### CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### (Deliberate Indifference to Serious Medical Need in Violation of Plaintiff's Eighth and Fourteenth Amendment Rights)
### (Against all Defendants)

63. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

64. Under the Fourteenth Amendment, corrections officials are required to provide for the reasonable health and safety of persons in pretrial custody.

65. The standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments.

66. As part of this right, the government must provide incarcerated or detained persons with reasonable safety and address serious medical needs that arise in jail.

67. Defendants, acting under color of state law, failed to establish a COVID-19 policy during this deadly pandemic and as a result created cruel and unsanitary conditions in various ways that put Plaintiff's life and health at risk in violation of Plaintiff's established constitutional rights.

68. Defendants knew of and disregarded the serious risks that COVID-19 posed to Plaintiff, especially as a chronic care inmate, including severe illness, permanent physical damage, and death. These risks were well-established and obvious to Defendants.

69. Defendants refused to provide necessary medical treatment and prevention measures recommended by federal government agencies such as the CDC.

70. This refusal to provide necessary medical treatment and prevention was not based on medical reasons, but rather administrative and/or financial reasons.

71. At Defendants' direction, the Cumberland County Jail had neither the capacity nor the ability to comply with public health guidelines to prevent an outbreak of COVID-19 and did not provide for the safety of Plaintiff. Defendants' actions and inactions resulted in violations of Plaintiff's rights to treatment and adequate medical care.

72. Defendants have subjected Plaintiff to conditions of confinement that increased his risk of contracting COVID-19. Due to the conditions at the Cumberland County Jail, Plaintiff was unable to take steps to protect himself—such as social distancing or accessing medical attention—and Defendants have failed to provide adequate protections or mitigation measures. Defendants acted with deliberate indifference towards Plaintiff by failed to adequately safeguard his health and safety in the midst of a potential outbreak of a contagious, infectious disease.

73. Despite repeated requests by Plaintiff to institute protective measures, Defendants refused to do so.

74. Moreover, Defendants failed to adequately provide for testing or monitoring that would properly contain the spread of the COVID-19 virus at and within the Cumberland County Jail.

75. In light of the obvious and known risks of contracting COVID-19, as well as the long-lasting physical symptoms and complications that have been linked to the virus, including the residual health problems afflicting Plaintiff following his infection with COVID-19, the actions of Defendants can only be described as deliberate indifference to Plaintiff's clearly established constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

    A.    declare the actions and inactions of the Defendants, as described above, violative of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

    B.    award nominal, compensatory and/or consequential, and punitive damages, to the extent available;

    C.    award reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable law; and

    D.    award such other relief as the Court deems just and proper.

**COUNT II**
**New Jersey Constitution**
**Art. I, ¶ 12**
**(Against all Defendants)**

76. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

77. Article I, paragraph 12 of the New Jersey Constitution affords Plaintiff inmates the right to be free from cruel and unusual punishment.

78. New Jersey accords a high priority to the preservation of health.

79. Defendants' conduct as aforesaid violated Plaintiff's State Constitutional rights.

80. As a direct and proximate result of Defendants' unconstitutional actions and omissions, Plaintiff suffered constitutional injury to his detriment, is suffering irreparable injury, and remains at a substantial risk of serious harm in the future. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

    A. declare the actions and inactions of the Defendants, as described above, violative of Plaintiff's rights under the United States Constitution and Article I of the New Jersey Constitution;

    B. award nominal, compensatory and/or consequential, and punitive damages, to the extent available, including, but not limited to, consequential damages for emotional distress, and those damages available under N.J.S.A. 10:6-2;

    C. award reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2 and/or 42 U.S.C. § 1988; and

    D. award such other relief as the Court deems just and proper.

## COUNT III
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

81. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

82. Through their intentional or reckless conduct described above, some or all of the Defendants caused Plaintiff severe emotional distress.

83. Upon information and belief, the conduct of some or all of the Defendants described above is extreme and outrageous beyond all bounds of decency.

84. The conduct of some or all of the Defendants complained of was the proximate cause of the emotional distress suffered by Plaintiff. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

    A.    award nominal, compensatory, and punitive damages, to the extent available;

    B.    award reasonable attorneys' fees and costs; and

    C.    award such other relief as the Court deems just and proper.

## COUNT IV
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

85. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

86. Through their negligent conduct described above, some or all of the Defendants caused Plaintiff severe emotional distress.

87. Defendants owed Plaintiff a reasonable duty of care. Indeed, the United States and New Jersey Constitutions require prison officials to satisfy inmates' basic human needs, such as food/nutritional needs and reasonable safety.

88. Defendants failure to abide by their reasonable duty of care caused Plaintiff to suffer a reasonable fear of personal injury which resulted in substantial bodily sickness and distress.

89. The conduct of some or all of the Defendants complained of constitutes a breach of this duty and was the proximate cause of the emotional distress suffered by Plaintiff. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

    A.    award nominal, compensatory, and punitive damages, to the extent available;

    B.    award reasonable attorneys' fees and costs; and

    C.    award such other relief as the Court deems just and proper.

### COUNT V
### 42 U.S.C. § 1983
### (Monell Liability)

90. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

91. Defendant, Cumberland County New Jersey ("the County"), through the CCDOC, employs or employed all of the individually-named Defendants identified in Counts One through Four.

92. The County had final policymaking authority with regard to establishing policies and procedures governing the conduct of the County employees performing correctional functions on behalf of the County.

93. The County established and/or approved of the CCDOC's policies and procedures governing the conduct of employees performing correctional functions. This includes, but is not limited to, the policy, or lack thereof, regarding the health and safety of inmates and detainees during the COVID-19 pandemic.

94. The policies and procedures established and/or approved of by the County constituted the County's official policy, and was the moving force that proximately caused Plaintiff's injuries and the deprivation of his constitutional rights.

95. The County had knowledge of the CCDOC's unconstitutional patterns and practices, including the pattern and practice of retaliation against inmates using their free speech rights to speak out against the County, CCDOC, Cumberland County Jail, and/or any of its employees, independent contractors, and/or agents, with regards to their handling, or lack thereof, of COVID-19, among other topics. The County also had knowledge that the same gave rise to a risk of violations of Plaintiff's constitutional rights.

96. There are numerous cases similar to this one that have been filed in this District regarding the County's unlawful patterns and practices.

97. By early 2020, the risks of COVID-19 were well-known and obvious, and the virus was demonstrably contagious.

98. It is well-known that COVID-19 spread easily and rapidly among large populations in confined areas, such as in a jail.

99. The County made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the CCDOC's unconstitutional policies and practices, and was deliberately indifferent to and/or tacitly authorized the same.

100. On or prior to July 2020, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that condoned and/or required Wardens and other employees (such as and including, but not limited to, the Cumberland County Jail's Medical Director) to turn a blind eye to and to not intervene with, the lack of precautionary measures in CCDOC.

101. On or prior to July 2020, upon information and belief, the County, with deliberate indifference to the rights of detainees and inmates, tolerated, permitted, failed to correct, promoted,

and/or ratified a number of customs, patterns, or practices that not only failed to address, but in fact exacerbated, the spread of COVID-19 at the Cumberland County Jail.

102. This participation by the County caused the individually-named Wardens and Medical Director to act with reckless disregard of and deliberate indifference to the health, safety, and well-being of the detainees, inmates, and the like, including Plaintiff.

103. The unconstitutional policies, practices, and customs described herein were a proximate cause of Plaintiff's infection with COVID-19, the retaliatory actions taken against Plaintiff, and his resulting physical and emotional injuries. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

    A.    award nominal, compensatory, and punitive damages, to the extent available;

    B.    award reasonable attorneys' fees and costs; and

    C.    award such other relief as the Court deems just and proper.

Dated: October 30, 2023

Respectfully submitted,

By: */s/ Jeffrey A. Carr, Esq.*
Jeffrey A. Carr, Esq.
Emily Silkowski, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08540

Brian Callaway
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
*Counsel for Plaintiff Emmanuel Thomas Anderson*